**LINDENHURST DRUGS, INC., Plaintiff,**

v.

**LINDEN PLAZA DRUG & VARIETY, INC., Defendant.**

**No. 82 C 513.**

United States District Court, N. D. Illinois, E. D.

May 5, 1982.

Cary S. Fleischer, Thomas A. Mass, Mass Miller & Josephson, Chicago, Ill., for plaintiff.

Thomas P. Stepanich, Waukegan, Ill., for defendant.

MEMORANDUM OPINION AND ORDER

SHADUR, District Judge.

Lindenhurst Drugs, Inc. ("Lindenhurst") has sued Linden Plaza Drug & Variety, Inc. ("Linden Plaza") under Lanham Act § 43(a) ("Section 43(a)"), 15 U.S.C. § 1125(a). Linden Plaza has moved to dismiss the Complaint for lack of the nexus with "commerce" required for Section 43(a) jurisdiction. Under Lanham Act § 45, 15 U.S.C. § 1127, "commerce" is defined as embracing the entire breadth of congressional power under the Commerce Clause.

This Court need not address the parties' opposing characterizations in that respect— Lindenhurst's self-portrayal of its operations as having a material effect on commerce (as so broadly defined), versus the presentation by Linden Plaza (in a tone reminiscent of Daniel Webster's argument in *Dartmouth College v. Woodward,* 17 U.S. (4 Wheat) 518, 4 L.Ed. 629) of the case as a backyard dispute between two local corner drugstores. Lindenhurst's claim, which is in all its essential aspects one for common law unfair competition, does not properly invoke Section 43(a).

Lindenhurst's verified Complaint ¶ 6 states:

In addition to being known as Lindenhurst Drugs, Inc., the plaintiff advertises, and is generally known in the community as "The Linden Plaza Drug Store" or "The Linden Plaza Pharmacy" or "The Drug Store in Linden Plaza" or "The Pharmacy in Linden Plaza;" said names having assumed a secondary meaning.

That paragraph must be read in light of the admitted facts (Complaint ¶ 4) that:

(1) Both Lindenhurst and Linden Plaza are located in the town of Lindenhurst.

(2) Lindenhurst had been located in the Linden Plaza Shopping Center until Linden Plaza obtained a lease in that shopping center. At that time the shopping center landlord refused to renew Lindenhurst's lease, and Lindenhurst has now moved a few blocks away—no longer in the shopping center.

Linden Plaza's motion to dismiss was supported by the affidavit of its majority shareholder Allen Becker, who had been "the sole managing partner of Lindenhurst ... and ran the store making all of the day to day decisions...." In relevant part Becker's Affidavit ¶ 5 said specifically:

That during the time that the Lindenhurst Drugs, Inc. operated a pharmacy in Lindenhurst, the store was known by the following names:

a. Lindenhurst Drugs

b. Lindenhurst Sun Drugs

c. Lindenhurst Value-Rite Drugs

d. Sun Drugs

That at no time was Lindenhurst Drugs, Inc. ever known as Linden Plaza Drugs or any derivation thereof, nor was any advertising material circulated, uncirculated or otherwise using any derivation of the name Linden Plaza Drugs.

In reply Lindenhurst filed the affidavit of its president Burton Steinberg (who had also verified the Complaint), which stated only the following as to the same issue:

In addition, Affiant states that he has read Paragraph Five of the Affidavit of Mr. Allen Becker and asserts that since the Defendant Corporation has opened and has begun doing business under the name Linden Plaza Drug and Variety, Inc., that Affiant has kept a continuing list of people who have asserted their belief that said corporation is the same corporation as that of Lindenhurst Drugs, Inc. and who have asserted their utter confusion due to the similarity in names and due to their having referred to Plaintiff Corporation as Linden Plaza Drugs.

Steinberg's affidavit is as significant for what it omits as for what it says. This Court is not a court of general jurisdiction to deal with common law unfair competition. Section 43(a) requires a particular kind of palming off—one in which the offending party "shall affix, apply, or annex, or use in connection with any goods or services, or any container or containers for goods, a false designation of origin, or any false description or representation, including words or other symbols tending falsely to describe or represent the same...."

Careful scrutiny of Lindenhurst's claim discloses that it "is generally known in the community" by names indicating its former *location* in the Linden Plaza Shopping Center. Although the one word "advertises" is also included in Complaint ¶ 6, it is directly *refuted* by the affidavit of Becker, who from his own years as Lindenhurst's managing partner states specifically that no such advertising ever took place.

What we have then is a situation in which Lindenhurst had not *itself* "affix[ed], appl[ied], or annex[ed], or use[d] in connection with any goods or services" the name containing "Linden Plaza." Its conclusory allegation of "secondary meaning" can only be fairly read as a claim that the public had come to think of it as the drugstore *in* Linden Plaza Shopping Center—plainly a name in which someone else has the proprietary interest (if any). To accept Lindenhurst's position would be to grant it a monopoly over the providing of drugstore services in the shopping center, for the same factors that (on Lindenhurst's own statement) have caused the public to ignore the name under which it does business, in favor of the name of the *place* where it does business, would be no different for anyone else carrying on a drugstore business under any name in the same shopping center.

Linden Plaza's *truthful* assumption of a name indicating its location in that shopping center, adopted and used when it acquired that location, is not "a false designation of origin, or any false description or representation, including words or other symbols tending falsely to describe or represent the same...." Section 43(a) therefore does not apply by its terms, and the predicate for federal court jurisdiction is lacking. See 1 Gilson, *Trademark Protection & Practice* § 7.02[2][b][i].

It may well be that Linden Plaza and its principals are engaged in unfair competition.[1] It may also be that customers (because of *their* mental associations and not because of Lindenhurst's self-designation) may be confused as to the source of Linden Plaza's services. Those facts however are not enough to keep the case here.

Lindenhurst's Complaint is therefore dismissed for want of subject matter jurisdiction.

---

1. Lindenhurst has a pending state court action against Becker and a group of other defendants (not including Linden Plaza) charging breaches of fiduciary obligations and other tortious conduct.